UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SOPHIE ACKERMANN,

                          Plaintiff,                    **ORDER**
                                                        **09 CV 2436 (JBW)(LB)**

        -against-

NEW YORK CITY DEPARTMENT OF
INFORMATION TECHNOLOGY AND
TELECOMMUNICATIONS,

                          Defendant.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        The Court held an initial pre-trial conference pursuant to Fed. R. Civ. P. 16 on December

22, 2009 in this pro se employment discrimination action. Defendant's counsel shall provide

plaintiff a copy of her complete personnel file by January 19, 2010. Any request to amend the

complaint, including any request to join other parties, shall be made by January 22, 2010. Fed.

R. Civ. P. 16(b)(3)(A). The Court set April 12, 2010 as the deadline for the parties to complete

all discovery.[1]

        As discussed at the conference, the parties shall now conduct discovery. Discovery is the

process by which the parties request information from each other regarding their claims or

defenses. Discovery requests are not made to the Court. Discovery is governed by Rules 26

through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without

the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff may request, in writing,

answers to questions and documents from defendant's attorney. The more specific the request,

the more likely the information will be produced. Generally, parties must respond to discovery

requests in writing within thirty (30) days. Since April 12, 2010 is the deadline for the

completion of all discovery, requests to the opposing party must be served at least thirty (30)

---

[1] As defendant has answered plaintiff's amended complaint, the Clerk of Court shall mark defendant's motion to dismiss plaintiff's original complaint as withdrawn. See docket entry 4.

days before that deadline. Plaintiff should always keep a copy of all requests and responses sent to defendant; plaintiff should never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiff wishes to conduct one or more depositions she must hire a court reporter to administer the required oath and record the deponent's testimony. Fed. R. Civ. P. 28 and 30(c). Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiff has requested materials and defendant has not responded within thirty days, plaintiff must make a good faith effort to resolve the issue with defendant's counsel before seeking the Court's intervention. Under the Federal Rules of Civil Procedure, any submission to the Court must first be served on the adversary or the Court cannot consider it. Fed. R. Civ. P. 5.

If the defendant intends to file a motion for summary judgment, defendant's counsel shall write to Judge Weinstein by May 12, 2010 stating the basis for the motion and proposing a briefing schedule.

SO ORDERED.

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: December 23, 2009
      Brooklyn, New York