UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SOPHIE ACKERMANN,

                    Plaintiff,                        **ORDER**
                                                           **09 CV 2436 (JBW)(LB)**

    -against-

NEW YORK CITY DEPARTMENT OF
INFORMATION TECHNOLOGY AND
TELECOMMUNICATIONS,

                    Defendant.
------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff filed this action pro se on June 9, 2009 alleging defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*. See docket entry 1. By letter dated March 24, 2010, plaintiff requests permission to file a second amended complaint to include individual defendants but fails to attach her proposed amended complaint. The deadline for plaintiff to request to amend her complaint was January 22, 2010. See docket entry 15. In addition, any motion to amend must attach the proposed amended complaint specifying the new claims and/or defendants she intends to add. Plaintiff must incorporate any claims she intends to pursue from her original complaint into any amended complaint. "[A] pleading that has been amended under Rule 15(a) [of the Federal Rules of Civil Procedure] supercedes the pleading it modifies . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d Ed. 1990). Furthermore, "[i]t is well-settled that unlike employers, 'individuals are not subject to liability under Title VII.'" Maher v. Alliance Mortg. Banking Corp., 650 F.Supp.2d 249, 258 (E.D.N.Y. 2009) (quoting Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004)). Therefore, any

motion to amend to include individual defendants in this Title VII action would be futile.[1] Accordingly, plaintiff's request to amend is denied.

On March 23, 2010, the Court received a letter by Thomas F. Bellow, Esq., a non-party witness, requesting that the Court quash plaintiff's subpoena to depose him on March 29, 2010. Mr. Bellow states that he represented plaintiff two years ago and addressed a disciplinary matter with plaintiff's employer. Mr. Bellow further states that he was not involved in plaintiff's Equal Employment Opportunity Commission proceedings and that he has no direct or personal knowledge of plaintiff's claim.

While Fed. R. Civ. P. 45 permits the issuance of a subpoena duces tecum to non-parties, the non-party to whom the subpoena is addressed may object to the subpoena. Fed. R. Civ. P. 45(c)(2). The Court "must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies or ... subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3). "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court." Fitch, Inc. v. UBS Painewebber, Inc., 330 F.3d 104, 108 (2d Cir. 2003). Under Rule 26(b)(1), parties may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As Mr. Bello states that he has no personal knowledge of plaintiff's claim, his motion to quash the subpoena requesting his deposition is granted. See Eisemann v. Greene, No. 97 Civ. 6094 (JSR), 1998 WL 164821, 2 (S.D.N.Y. April 8, 1998) ("in light of the doubtful and tangential relevance, at best, of anything that could reasonably be expected to emerge from the

---

[1] A motion for leave to amend should be denied only for good reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002)

putative [non-party] deposition, the Court finds that enforcement of the subpoena would 'constitute an unreasonable or burdensome misuse of the discovery process.'") (internal citation omitted). However, as suggested by Mr. Bellow's letter, plaintiff may serve up to twenty-five (25) written interrogatories on Mr. Bellow by April 7, 2010, which Mr. Bellow shall respond to by May 5, 2010.

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: March 24, 2010
      Brooklyn, New York