UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SOPHIE ACKERMANN,

                        Plaintiff,                     **ORDER**
                                                                          09 CV 2436 (JBW)(LB)
              -against-

NEW YORK CITY DEPARTMENT OF
INFORMATION TECHNOLOGY AND
TELECOMMUNICATIONS,

                        Defendant.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      By Order dated March 24, 2010, the Court denied plaintiff's motion to amend for failing to attach her proposed amended complaint and informed the plaintiff that amending to include individual defendants in this action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.* ("Title VII"), would be futile. See docket entry 21. The Court's March 24, 2010 Order also quashed plaintiff's subpoena served on non-party witness Thomas F. Bellow, Esq. but permitted plaintiff to serve Bellow with twenty-five (25) written interrogatories by April 7, 2010. Id. On April 6, 2010, plaintiff filed a second motion to amend and for enforcement of the subpoena served on Bellow. See docket entry 23. The Court construes plaintiff's motion as a motion for reconsideration.

      Plaintiff attaches to her instant request her proposed amended complaint, which plaintiff states merely changes the first page to list the names of the individual defendants she would like

to include in this action. Id.[1] As the Court's March 24, 2010 Order explained, individuals are not liable under Title VII and therefore, plaintiff's motion for reconsideration is denied.

The Court also denies plaintiff's motion to enforce the non-party subpoena served on Bellow. Plaintiff argues Bellow is an "indispensible party and holds plenty of information that he retains between Ms. Dalela Harrison and himself." Id. at 6. Plaintiff further states that she has more than twenty-five questions and that she "wish[es] to have any personal and private knowledge [Bellow] had in dealing with my superiors at DoITT either by verbal or written communication exposed." Plaintiff has deposed Ms. Harrison. Id. at 7. Plaintiff acknowledges that Bellow wrote only two letters on her behalf. Id. at 6. Plaintiff may obtain the information she seeks through interrogatories. Therefore, plaintiff's motion for reconsideration is denied. The Court extends plaintiff's time to April 29, 2010 to serve her interrogatories on Bellow and extends the deadline for the parties to complete discovery to May 31, 2010. If defendant intends to file a motion for summary judgment, defendant's counsel shall write to Judge Weinstein by June 14, 2010.

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: April 15, 2010
Brooklyn, New York

---

[1] Plaintiff alleges that she did not receive notification that the deadline for her to move to amend or to join other parties was January 22, 2010. The Court directs plaintiff's attention to its Order dated December 23, 2009, which was sent by regular mail to plaintiff at her address on record and was not returned as undeliverable.