UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SOPHIE ACKERMANN,

                    Plaintiff,                          **ORDER**
                                                          **09 CV 2436 (JBW)(LB)**

   -against-

NEW YORK CITY DEPARTMENT OF
INFORMATION TECHNOLOGY AND
TELECOMMUNICATIONS,

                    Defendant.

-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        On March 24, 2010, the Court granted third party witness Thomas Bello's motion to quash plaintiff's subpoena requesting his deposition. Attorney Bello previously represented plaintiff in a disciplinary matter regarding her employment with defendant, and plaintiff was apparently dissatisfied with that representation. Docket entry 19. Although the motion to quash the deposition was granted, the Court allowed plaintiff to serve up to 25 written interrogatories on Mr. Bello. Docket entry 21.

        On June 21, 2010, plaintiff filed a motion for sanctions against Mr. Bello alleging that he failed to respond to the interrogatories. In fact, on or about July 19, 2010, Mr. Bello had submitted to the Court what he claimed he sent to plaintiff - a three page response to plaintiff's interrogatories dated June 16, 2010 with an "affirmation of service" stating he delivered the response to plaintiff's residence on June 17, 2010. Docket entry 40. The Court construed the document as Mr. Bello's opposition to plaintiff's motion for sanctions. Docket entry 41.

        As Mr. Bello's answers to plaintiff's interrogatories were not made under oath, as required under Rule 33(a)(3) of the Federal Rules of Civil Procedure, the Court instructed Mr.

Bello to swear to the truth of his answers and to re-serve plaintiff with his new response by August 2, 2010. Id. The same order instructed plaintiff to file her reply to Mr. Bello's opposition by August 5, 2010. Id. Instead of a reply, plaintiff now moves the Court to find Mr. Bello in contempt. Docket entry 43. Plaintiff maintains that she has not received Mr. Bello's response to the interrogatories and that the response to the interrogatories Mr. Bello filed with the Court (docket entry 40) is not acceptable in form or in substance. Docket entry 43.

Mr. Bello shall show cause by August 30, 2010, why he has not re-served his sworn response to the interrogatories on plaintiff. However, plaintiff's motions for sanctions and to hold Mr. Bello in contempt (docket entries 34 and 43) are denied. The Court has wide discretion in deciding whether to impose sanctions with respect to a discovery order. Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 177 (2d Cir. 2008). Save for swearing to the truth of his answers, Mr. Bello's response to plaintiff's interrogatories is adequate. Furthermore, this is not a malpractice action, and Mr. Bello is not a party to this action. Plaintiff is advised to focus her efforts on proving her discrimination claim against defendant, not to try to make this case about Mr. Bello.

SO ORDERED.

S/Judge Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: August 13, 2010
      Brooklyn, New York